Adam WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8611–CR–991.

Supreme Court of Indiana.

April 6, 1988.

Nathaniel Ruff, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a belated appeal from a 1985 conviction. A jury trial resulted in a conviction of Robbery, a Class A felony, for which appellant received a sentence of twenty (20) years.

The facts are: Jeff Welch had been visiting his girl friend in Chicago where he had enjoyed a few beers. On his return to Indiana, he became lost and in his confusion struck a center island in the highway ruining two of his tires. Mark Sannita and Anthony Steele saw the accident and offered to help Welch. Sannita described Welch as "a lot drunk." When it was discovered the car could not be moved until two tires were replaced, Sannita offered to sell Welch two spare tires; Sannita's tires, however, would not fit Welch's car.

The three men then went to an address in Hammond, at the direction of Steele, where they attempted to find the necessary tires. At this location, they dropped off Sannita and picked up appellant who directed them to a location where they supposedly would find tires. As they pulled up to a garage in an alley and Welch exited the car, he was struck in the back of the head and the face by appellant. The object appellant used to strike Welch was never identified. However, it left lacerations on Welch's head and face that required several sutures to close. The blow knocked Welch to the ground. While he was on the ground Steele kicked him. The men took his money and jacket.

Appellant contends there was insufficient evidence to support the verdict. He first claims that Welch's testimony was inherently unreliable in that he was so drunk on the night in question that he was unable to recall and relate the events which allegedly occurred. He bases this on the admission of Welch that he had been drinking and upon Sannita's observation that Welch was "a lot drunk" and further that Welch did not give an accurate description of the accident which was viewed by Sannita and Steele. All of this evidence was placed before the jury and it was for them to make the factual determination as to whether Welch should be believed. This Court will not usurp the prerogative of the jury. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant also argues there is insufficient evidence to establish that Welch sustained "serious bodily injury." The jury

had before it a description of Welch's injuries plus photographs showing the sutured lacerations on Welch's face and head. There is ample evidence in this record to show that Welch in fact sustained serious bodily injury.

■ Appellant contends the trial court erred in giving an erroneous preliminary instruction. The court did in fact give an erroneous preliminary instruction which followed a previous statute, now repealed, in which a Class A felony was defined as "if it results in either bodily injury or serious bodily injury." Appellant made no objection to the court's erroneous preliminary instruction. However, at the close of the evidence, the error was corrected. The court's final instructions to the jury described a Class A felony as one resulting in serious bodily injury.

In light of the fact that appellant did not object to the erroneous instruction at the time it was given and the further fact that following the summation of evidence and before deliberation the trial court corrected its error in the final instructions, we hold that any error which occurred was corrected.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.