Donald DAVIS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S05–0408–CR–349.

Supreme Court of Indiana.

Aug. 26, 2004.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Donald Davis assaulted his former girlfriend, and the court found him guilty of criminal recklessness involving serious bodily injury, a class D felony. The question on appeal is whether a lacerated lip and a broken pinky finger constitute serious bodily injury. We hold they do not.

After K.R. and Davis had broken up, he appeared at her home asking to use the bathroom, and she agreed. While Davis was still in the house, one Roy Bush telephoned to ask K.R. to return his jacket. This communication angered Davis, who figured Bush to be the replacement boy-friend. K.R. left the house with the jacket, and Davis returned to his car.

K.R. began walking down the sidewalk to return the jacket, and Davis pulled up alongside her cussing her out. He then sped ahead and unsuccessfully tried to run over Bush, who was up the street. Davis stopped his car and exited, ran up to K.R., and pushed her down to the street. As she attempted to stand, Davis punched her in the mouth. A moment later as K.R. tried to flee, Davis attempted to run her over. Fortunately, a police car appeared, and K.R. ran to it for protection as Davis drove away. The officer noted that her lips were swollen and bleeding and that she appeared to have an injured finger.

K.R.'s mother drove her to the hospital for treatment. The medical records reflect that she had an "abrasion" and some "slight" swelling on her knee (Exhibits at 5, 7), a "very superficial laceration to the middle portion of the upper lip on the inside" (*Id.* at 5–6), and a fractured little finger on her right hand. Medical personnel gave K.R. a splint for her finger (Exhibits at 19, 21). They recommended Tylenol or Advil for any pain. (Exhibits at 8.)

After a bench trial, the court found Davis guilty of criminal recklessness. Ind. Code Ann. § 35–42–2–2 (West 1998 & Supp.2004). It found him not guilty on counts of domestic battery and criminal recklessness with a motor vehicle. It concluded that conviction on the recklessness count barred a conviction on yet a fourth charge, battery as a class A misdemeanor. The court sentenced Davis to two years, as executed time.

The legislature has defined the crime in question as follows: "A person who recklessly, knowingly, or intentionally performs . . . an act that creates a substantial risk of bodily injury to another person . . . commits criminal recklessness[,] . . . a Class B misdemeanor." Ind.Code Ann. § 35–42–

2–2(b). Subsection (d) says that a person "who recklessly, knowingly, or intentionally ... inflicts serious bodily injury on another person ... commits criminal recklessness, a Class D felony." The Code defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind.Code Ann. § 35–41–1–25 (West 1998 & Supp.2004).

█ It is the task of finders of fact, juries or judges, to determine in the first instance whether the evidence in a particular case adequately proves the elements of an offense. When a defendant contends on appeal that the evidence was insufficient to sustain the conviction, we neither reweigh the evidence nor judge the credibility of witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

Our commitment to the role of factfinders tends to produce considerable deference on a matter as judgmental as whether a bodily injury was "serious." The appellate courts have sometimes been willing to sanction convictions resting on rather slim levels of injury. See, e.g., Williams v. State, 520 N.E.2d 1261 (Ind. 1988) (injury held "serious" when victim was struck in face and back of head, causing lacerations requiring several sutures to close); Sutton v. State, 714 N.E.2d 694 (Ind.Ct.App.1999) (evidence of black eye, soft tissue swelling, and migraine-like headaches causing victim to use aspirin on several occasions over two weeks held sufficient to establish "extreme pain").

Still, most of the cases cited by the present parties rightly focus on injuries that plainly reflect the sort of serious infliction of damage suggested by the statutory definition of "serious bodily injury." See, e.g., Hollins v. State, 790 N.E.2d 100 (Ind.Ct.App.2003) (victim's arm, injured by gunshot, was "useless" and likely to be amputated); Judy v. State, 470 N.E.2d 380 (Ind.Ct.App.1984) (beat with pool cue, victim's leg broken in four places, hospitalized for four days, in a cast for three months, still limped at time of trial).

█ To be sure, injuries less substantial than those in cases like Hollins and Judy can qualify as "serious bodily injury." But measured against that standard and against the statutory definition, a slightly lacerated lip and a broken pinky do not make the grade.

The prosecutor contended in final argument at trial that the fractured finger was itself enough. On appeal, the State has argued that the impact on K.R.'s knee when she was pushed down and the blow that lacerated her lip and broke her finger were events from which "extreme pain" can be inferred. It appears that the victim said little at trial by way of describing her level of pain. We do know that the hospital did not write her up for any prescription pain medication, and we know that the officer on the scene said she was walking normally when he first saw her. (Exhibits at 8; Tr. at 37.)

As with all matters of degree, it is difficult to describe in words a bright line between what is "bodily injury" and what is "serious bodily injury." We conclude that even taken altogether, a lacerated lip, abrasion to the knee, and a broken pinky fall below the line.

Accordingly, the evidence was insufficient to sustain the finding of criminal recklessness as a class D felony. We reverse and remand for entry of judgment

for the crime of recklessness as a class B misdemeanor.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.