**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 30 2012, 9:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE C. E. RAYFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 01A02-1106-CR-554 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Frederick A. Schurger, Judge
Cause No. 01C01-1103-CM-0003

**January 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jesse C.E. Rayford ("Rayford") appeals his conviction for Invasion of Privacy, as a Class A misdemeanor,[1] following a bench trial. He raises the single restated issue of whether sufficient evidence supports his conviction. We affirm his conviction but remand for resentencing.

## Facts and Procedural History

M.R. dated Rayford when she was fifteen years old. The relationship ended after about a year, and in June 2010, M.R.'s father petitioned for a protective order on her behalf against Rayford. Rayford had threatened to kill M.R. multiple times and she feared for her life. A protective order was issued on June 3, 2010 with an expiration date of June 3, 2012. It prohibited Rayford from certain activities, including "harassing, annoying, telephoning, contacting or directly or indirectly communicating with the Petitioner." Ex. 1. Rayford attended the protective order hearing and agreed to the issuance of the order.

M.R. and her friend, Rachel Lichtle ("Lichtle"), were shopping at Wal-Mart on October 6, 2010, when they encountered Rayford and his friend, Kyle Osheskie ("Osheskie"). As the two couples walked past each other in the store, Osheskie said hello to Lichtle. Rayford looked at M.R., but said nothing. M.R. and Lichtle then proceeded to the check-out area.

While M.R. and Lichtle were waiting in line for the cashier, Rayford walked past their aisle several times. Each time he walked by the aisle, he looked at M.R. On his last pass by

---

[1] Ind. Code § 35-46-1-15.1(1).

the aisle, Rayford sprinted past it and headed to the exit.

M.R. and Lichtle went into the restroom after paying for their purchases and M.R. called her father because she knew that Rayford was subject to a protective order that forbade him from having certain contact with her. M.R. was "really nervous and scared" at this point. Tr. 37. After M.R. spoke with her father, the two girls went outside and called the Decatur Police Department. An officer responded, spoke with the girls, and took them to the police station to file reports.

On October 26, 2011, the State charged Rayford with Invasion of Privacy, as a Class A misdemeanor. The trial court held a bench trial on June 3, 2011, and found Rayford guilty as charged. Rayford was then sentenced as follows:

> The Court enters a judgment of conviction on Invasion of Privacy, a Class A Misdemeanor and sentences the Defendant to 365 days but suspends all but 180 days to be served in the Adams County Law Enforcement Center. The Court will however allow the executed portion of the sentence served on electronic monitoring/home detention on the active GPS unit in the Adams County Community Correction Program if defendant qualifies.
>
> Said sentence shall run consecutively to the sentence in Cause No. 01C01-1103-FD-0003.[2]
>
> As a condition of the suspended portion of the sentence the Defendant shall be on formal probation to the Adams County Probation Department for a period of 365 days (to run consecutively with probation in Cause No. 01C01-1103-FD-003) and obey all rules and regulations of said departments and pay probation user's fees…

---

[2] Rayford was on probation for a prior conviction for domestic battery and battery resulting in bodily injury when he was arrested for Invasion of Privacy. As a result of his conviction in the instant matter, the trial court determined that he had violated his probation and ordered that he serve the balance of his sentence, 275 days, on home detention.

3

The Court further orders as a term of the suspended portion of the Defendant's sentence, the Defendant shall be placed on the electronic monitoring (home detention) for a period of 180 days…

App. 35.

Rayford now appeals.

**Discussion and Decision**

Standard of Review

When reviewing the sufficiency of the evidence, we will affirm "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005) (quoting Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004)). We do not reweigh the evidence or assess the credibility of the witnesses. Id. It is the job of the trier of fact to determine whether the evidence sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id.

Invasion of Privacy

In order to convict Rayford as charged, the State had to prove beyond a reasonable doubt that he knowingly violated a protective order. I.C. § 35-46-1-15.1(1); App. 9. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. I.C. § 35-41-2-2(b). The protective order in this case prohibited Rayford from "harassing, annoying, telephoning, contacting or directly or indirectly communicating with the Petitioner." Ex. 1.

4

Rayford had notice of the protective order because he was present at the protective order hearing and agreed to the order's issuance. He knew that M.R. was in Wal-Mart on October 6, 2010, because when he and Osheskie first encountered the girls, Rayford looked at M.R. While M.R. was waiting in line for a cashier, Rayford passed her aisle several times. He looked at her each time. He then sprinted past the aisle in the direction of the exit. By the time M.R. reached the restroom, she was scared and frightened. Sufficient evidence supports the conclusion that Rayford at the very least annoyed M.R., and thus violated the protective order. Although Rayford argues that the events at Wal-Mart were but a chance encounter, this is an invitation to reweigh the evidence, which we cannot do. See Wright, 828 N.E.2d at 906.

## Sentence

We next address Rayford's sentence. Although Rayford does not challenge his sentence on appeal, a sentence that exceeds statutory authority constitutes fundamental error and may be corrected at any time. Ben-Yisrayl v. State, 908 N.E.2d 1223, 1228 (Ind. Ct. App. 2009), trans. denied. The trial court sentenced Rayford to 365 days and suspended all of it except 180 days, which were to be executed in the Adams County Law Enforcement Center or in Adams County Community Correction Program, if he qualified. The trial court also ordered, "[a]s a condition of the suspended portion of his sentence", that Rayford be on formal probation for 365 days. App. 35. The order setting the conditions of probation states that Rayford's sentence is 365 days imprisonment with all but 180 days suspended and 365 days of probation. We interpret this to mean that Rayford is to serve 180 days, has 185

5

suspended, and will also be on probation for 365, all for a Class A misdemeanor. Pursuant to Indiana Code section 35-50-3-1(b), this sentence is illegal:

> Except as provided in subsection (c),[3] whenever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. *However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.*

(emphasis supplied).

It should also be noted that "term of imprisonment" includes both the executed portion of the sentence and the suspended portion of a sentence. Jennings v. State, 956 N.E.2d 203, 208 (Ind. Ct. App. 2011), reh'g pending, trans. pending. "A suspended sentence is one actually imposed but the execution of which is thereafter suspended." Id. at 206 (quoting Copeland v. State, 802 N.E.2d 969, 972 n.4 (Ind. Ct. App. 2004)). It "differs from an executed sentence only in that the period of incarceration is delayed unless, and until, a court orders the time served in prison." Mask v. State, 829 N.E.2d 932, 936 (Ind. 2005).

We therefore affirm Rayford's conviction but remand to the trial court so that it may resentence Rayford in a manner such that his combined term of imprisonment and period of probation does not exceed one year.

Affirmed and remanded for resentencing.

BAKER, J., and DARDEN, J., concur.

---

[3] Subsection (c) refers to use or abuse of alcohol, drugs, or harmful substances, and there is no indication that this is a factor here.