**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 03 2013, 7:02 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD J. BERGER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARLOS A. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1211-CR-466 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1112-FD-1161

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Carlos A. Smith appeals his conviction of Possession of Marijuana With a Prior Conviction of Possession of Marijuana,[1] a class D felony. Smith challenges the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts favorable to the conviction are that United States Marshal Aaron Castle was actively seeking Hakeen Hogan, who was wanted on an arrest warrant. At approximately 8 p.m. on December 8, 2011, Marshal Castle learned of a local police dispatch targeting Hogan. Marshal Castle contacted other law enforcement officers who responded to the dispatch and then met with them several blocks from Hogan's suspected location. They formulated a plan to apprehend Hogan, and then traveled to the house where Hogan was reported to be located. Marshal Castle was at the front door with police officers Christopher Houser and Rufino Guyton, while other officers and a K-9 unit went to the rear of the house. The officers knocked on the front door and Jehad Davis, a resident of the house, opened the door far enough for the officers to see two other people – Smith and Hogan – standing behind Davis in the living room. Marshal Castle said "that's who we're looking for." *Transcript* at 46. Officer Houser said "police" and Smith and Hogan "got the deer in the headlights look and bolted toward the back of the house." *Id*. After securing the living room,[2] Officers Houser and Guyton pursued the two fleeing men into the adjacent dining room. With his gun drawn, Officer Guyton ordered Smith to put his hands in the air. As Smith began to raise his

---

[1]   Ind. Code Ann. § 35-48-4-11 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013).
[2]   Officer Guyton estimated there were eight to ten other people in the living room when they entered the house.

hands, Officer Guyton observed a baggie fall out of his hand and hit the bar's counter top; Smith then raised his hands. Officer Guyton saw several smaller baggies spill out of the baggie Smith had dropped. Subsequent tests confirmed Officer Guyton's opinion at the scene that the baggies contained marijuana.

Smith was subsequently charged with possession of marijuana as a class A misdemeanor and possession of marijuana with a prior conviction of possession of marijuana as a class D felony. Following a bench trial, Smith was found guilty as charged. The trial court determined that the misdemeanor charge was an included offense of the felony charge and entered conviction only on the latter.

Smith contends the evidence was not sufficient to support his conviction. Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.

*Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (some citations omitted).

Smith's challenge to the evidence centers squarely upon the credibility of Officer Guyton's testimony that he saw Smith drop the baggie that contained marijuana. Smith claims this was the "sole base's [sic] for the State's charge of the possession of marijuana."

3

*Appellant's Brief* at 8. Smith contends this testimony was discredited by the testimonies of Officer Houser and Marshal Castle, who "specifically den[ied] that Smith possessed or held any marijuana when they cornered Smith in the area of the bar." *Id.* According to Smith, this aspect of Officer Houser's and Marshal Castle's testimonies "at least seriously compromises the creditability [sic] of Guyton's testimony … and at least sheds doubt on that proof." *Id.*

Smith mischaracterizes the nature and import of Officer Houser's and Marshal Castle's testimonies. Officer Houser testified that he did not have Smith under constant observation during this entire incident, including the first few seconds that Smith ran into the dining room. He also stated, upon pointed questioning by defense counsel, "I don't recall if he was holding anything out, but I know he didn't have a weapon." *Transcript* at 58. Marshal Castle testified that his attention was fixed upon Hogan as he chased Hogan into the dining room. When asked about Smith, Marshal Castle replied, "Yes. I did see him running. Yes. But I didn't see his hands." *Id*. at 27. As the foregoing illustrates, Officer Houser and Marshal Castle testified that they did not see Smith drop a baggie; they did *not* testify that they observed that Smith did not drop a baggie. There is a significant difference between these two statements. The former statement – which is a fair characterization of their testimonies – means merely that Officer Houser and Marshal Castle could not corroborate Officer Guyton's testimony that Smith dropped a baggie. The latter statement – which would support Smith's argument, but finds no support in the record – would mean that their testimonies contradicted Officer Guyton's testimony.

The trial court was charged with the task of determining whether Officer Guyton's

testimony was credible. *See Bailey v. State*, 979 N.E.2d 133. Smith offers no valid reason for us to question the trial court's determination in that respect.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.