**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jul 10 2014, 9:45 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERNEST P. GALOS**
Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY BENSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1311-CR-469 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1305-FB-072

**July 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Gregory Benson was convicted of Robbery,[1] a class B felony. Benson now appeals and presents the following issues for our review:

1. Did the State present sufficient evidence to support Benson's conviction for class B felony robbery?

2. Is the sentence imposed inappropriate?

We affirm.

On May 17, 2013, Sunny Singh was working at the Quick Stop Marathon station at 335 McKinley Avenue in Mishawaka, Indiana. Shortly before midnight, Singh was behind the counter when a black male entered the store and walked up to Singh. The man told Singh to "give me all your fucking money, or else I'm going to shoot you" and showed Singh a gun in his pocket. *Transcript* at 133. Singh threw the money, approximately $60, at the perpetrator and pushed a button to alert police. After the man left with the money, Singh called the police and described the robber as a black male, approximately six feet tall, wearing dark pants, a black hat, and a black shirt under a teal green or teal blue dress shirt.

Officer Michael Dube of the Mishawaka Police Department responded to the dispatch call and observed other police vehicles going to the scene. After hearing through the dispatch a description of the suspect and that the suspect left on foot, Officer Dube drove to the area of Rush Street and Main Street, east of the Marathon Station. Officer Dube pulled over a vehicle headed eastbound in which the driver matched the description

---

[1] Ind. Code Ann. § 35-42-5-1 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

of the suspect. Tyesha Evans was driving the vehicle, her brother, Kevin Evans, was in the front passenger seat, and Benson was in the backseat. Officer Dube ordered all three occupants out of the car. Singh was brought to the scene and identified Kevin Evans as possibly the robber but stated that he was not sure.

The three suspects were subsequently arrested, and the vehicle was impounded. Before the vehicle was towed, Office Dube searched the interior of the car and found a loaded handgun magazine in the center console. In the back seat, Officer Dube found a black .22 caliber handgun, a long-sleeve black shirt, and a cellphone. In the trunk of the vehicle, the officers found a pair of shoes and a red duffle bag containing .22 caliber ammunition. Police also found a blue button-up shirt in a gravel alley behind the Marathon Station.

Four days later, Singh was presented with a photo array of 12 people, including both Kevin Evans and Benson. This time, Singh identified Benson, telling the officer, "that might be him." *Transcript* at 215.

Benson was subsequently charged with class B felony armed robbery. On September 11, 2013, a jury convicted Benson as charged. On November 1, 2013, the trial court sentenced him to fifteen years imprisonment at the Department of Correction. Benson now appeals.

1.

Benson argues that the evidence is insufficient to support his conviction for class B felony robbery. Specifically, Benson argues there is insufficient evidence to prove he was the individual that committed the robbery of the Marathon station. To convict Benson of

3

the robbery, the State was required to prove beyond a reasonable doubt that Benson knowingly or intentionally took property from the person or presence of Singh by using or threatening the use of force. *See* I.C. § 35-42-5-1. In support of his argument, Benson challenges the credibility of Tyesha Evans and Sunny Singh.

Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.

*Bailey v. State,* 979 N.E.2d 133, 135 (Ind. 2012).

Benson argues that the bulk of the evidence presented at trial was the testimony of Tyesha Evans. Benson challenges Evans's credibility in several ways, specifically noting her previous false statements to police, personal interest in not naming her brother as the robber, and the plea agreement she received in exchange for testifying against Benson. Furthermore, Benson argues that there is discrepancy between Evans's testimony and the facts as presented by the State in that she claimed Benson did not have a cellphone, had a blue shirt around his neck when he reentered the vehicle, and was wearing a brightly-colored New York hat. In contrast, the evidence presented by the State revealed a

4

cellphone in the back seat where Benson was sitting, a blue shirt in an alley behind the Marathon station, and surveillance video showing the perpetrator wearing an all-black hat. We find Benson's argument to be nothing more than an invitation to reweigh the evidence and judge the credibility of the witness, which we will not do.

Next, Benson argues that significant reasonable doubt exists regarding the identification of Benson by the victim. Benson contends that each of Singh's identifications were equivocal. Singh initially identified Kevin Evans as the possible perpetrator on the night of the robbery, saying, "I'm not sure, I'd like to see him again." *Transcript* at 214. In contrast, at the photo array four days later, Singh said, "that might be him," while pointing to Benson. *Id.* at 215. At trial, when asked to identify the perpetrator, Singh indicated toward Benson and said, "Yeah, I think that dude." *Id.* at 119.

The uncertainty stemming from Singh's identification was within the jury's prerogative to assess. Again, Benson's argument is nothing more than an invitation to reweigh the evidence and judge the credibility of the witness, which we will not do. We decline to impinge on the jury's credibility determinations and evaluations of the evidence.

2.

Finally, Benson argues that his sentence of fifteen years for robbery is inappropriate in light of the nature of the offense and the character of the offender. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court

finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Benson was convicted of class B felony robbery, for which the sentencing range is six to twenty years with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). The trial court sentenced Benson to fifteen years for his robbery conviction.

6

With regard to the nature of the offense, Benson calculated the plan of execution for the robbery. He brought a second set of clothing and instructed Tyesha Evans to park in the alley behind the Marathon station. Furthermore, Benson displayed a handgun and threatened to shoot Singh if Singh did not give him the money.

As to the character of the offender, we acknowledge Benson's several mitigating factors including the fact that he obtained his GED and supported his girlfriend's children. As aggravating, however, we note Benson was on parole for only six months when he committed the present crime. His prior adult conviction was also for class B felony armed robbery for which he was sentenced to six years in the Department of Correction and released on parole on December 18, 2012. In addition, as a juvenile, he accumulated true findings for residential entry and arson, both of which would have been class D felonies if committed as an adult. Benson's history of criminal activity is indicative of his disregard for the law.

Benson has failed to meet the burden of persuading this court that his sentence was inappropriate. We agree with the trial court that "based upon [Benson's] criminal history as pointed out by the State, particularly that [t]his is your second robbery conviction at a younger age that an enhanced sentence is appropriate." *Transcript* at 291. Benson's sentence is not inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.

7