Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 11 2014, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Griner & Company
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT HOFFMAN,                          )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.              )     No. 71A03-1401-CR-041
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland Chamblee, Judge
Cause No. 71D08-1208-FD-750

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Robert Hoffman was convicted of Strangulation[1] as a class D felony. Hoffman now appeals, presenting two issues for our review:

1. Did the State present sufficient evidence to sustain Hoffman's conviction?

2. Did the trial court properly assess a domestic violence fee?

We affirm in part, reverse in part, and remand with instructions.

On the night of August 14, 2012, Hoffman was at the residence of his girlfriend, A.S. Hoffman and A.S. were drinking that night. Hoffman became intoxicated and began behaving belligerently. At one point, Hoffman broke A.S.'s lamp and vacuum cleaner and vomited on the floor. When A.S. attempted to help Hoffman get up from the ground, he forcibly held A.S.'s head and upper body to his chest for over a minute, restricting A.S.'s breathing. A.S. was eventually able to free herself. At this time, Hoffman made his way to the backyard, fell against the fence, and broke it. A.S. went outside and attempted to pull Hoffman away from the fence at which point Hoffman began hitting her in the face and head. As A.S. attempted to leave the scene, Hoffman grabbed and squeezed her throat, cutting off her breathing. A.S. was able to escape Hoffman's grasp and re-enter the house. A.S. called the police and reported Hoffman's actions. Two police officers arrived at the house, both of whom observed marks on A.S.'s neck.

Hoffman was arrested and charged with strangulation as a class D felony. A jury

---

[1] The version of the governing statute, i.e Ind. Code Ann. § 35-42-2-9 (West, Westlaw 2012) in effect at the time this offense was committed classified it as a class D felony. This statute has since been revised and in its current form reclassifies the offense as a Level 6 felony. *See* I.C. § 35-42-2-9 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed on August 14, 2012, it retains the former classification.

found Hoffman guilty as charged. At the sentencing hearing, the trial court sentenced Hoffman to eighteen months imprisonment and suspended the entirety of the sentence to supervised probation. The trial court also assessed a $50.00 domestic violence fee against Hoffman. Hoffman now appeals.

1.

Hoffman argues that the State presented insufficient evidence to support his strangulation conviction. To convict Hoffman of strangulation, the State was required to prove beyond a reasonable doubt that Hoffman, in a rude, angry, or insolent manner, knowingly or intentionally applied pressure to A.S.'s throat or neck in a manner that impeded her normal breathing or blood circulation. *See* I.C. § 35-42-2-9. Hoffman argues there is insufficient evidence to prove that A.S.'s normal breathing was impeded.

Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.

*Bailey v. State,* 979 N.E.2d 133, 135 (Ind. 2012).

Under the incredible dubiosity rule, which Hoffman asks us to invoke here, a

defendant's conviction may be reversed if a sole witness presents inherently improbable testimony, and there is a complete lack of circumstantial evidence. *Love v. State,* 761 N.E.2d 806 (Ind.2002). The rule is applicable only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Id.* Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.*

Hoffman argues that the State's sole evidence that A.S.'s normal breathing was impeded came from A.S.'s testimony and without her testimony there would be insufficient evidence to sustain a conviction. We find nothing inherently incredible about A.S.'s testimony. A.S. testified that as she attempted to leave, Hoffman grabbed her throat and "gripped [her] with all of his force, and [she] couldn't breathe." *Transcript* at 12. Moreover, A.S.'s claims were corroborated by the officers who saw red marks on her neck when they arrived at the house. In summary, A.S.'s testimony was not inherently improbable and Hoffman's argument is nothing more than an invitation to reweigh the evidence and judge the credibility of the witness, which we will not do. The State presented sufficient evidence to support Hoffman's conviction.

2.

Finally, Hoffman argues that the trial court erred by imposing the domestic violence fee as a term of Hoffman's sentence. The State correctly concedes that the imposition of the domestic violence fee was erroneous.

Ind. Code Ann. § 33-37-5-13 (West, Westlaw current with all 2014 Public Laws of

4

the 2014 Second Regular Session and Second Regular Technical Session of the 118th

General Assembly) provides that:

> The court shall order a person to pay a domestic violence prevention and treatment fee of 50 dollars to the clerk in each criminal action in which:
> (1) the person is found to have committed the offense of:
>     (A) murder (IC 35-42-1-1);
>     (B) causing suicide (IC 35-42-1-2);
>     (C) voluntary manslaughter (IC 35-42-1-3);
>     (D) reckless homicide (IC 35-42-1-5);
>     (E) battery (IC 35-42-2-1);
>     (F) domestic battery (IC 35-42-2-1.3); or
>     (G) rape (IC 35-42-4-1); and
> (2) the victim:
>     (A) is a spouse or former spouse of the person who committed an offense under subdivision (1);
>     (B) is or was living as if a spouse of the person who committed the offense of domestic battery under subdivision (1)(F); or
>     (C) has a child in common with the person who committed the offense of domestic battery under subdivision (1)(F).

Hoffman was convicted of class D felony strangulation, which is not a qualifying

offense set out in the statute. Therefore, Hoffman was improperly ordered to pay the

domestic violence fee. We reverse the trial court's imposition of the fee and remand with

instructions to vacate that portion of the judgment.

Judgment affirmed in part, reversed in part, and remanded with instructions.

VAIDIK, C.J., and MAY, J., concur.