## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2016, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darren Morgan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 28, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1508-CR-1169 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Davis, Judge <br><br> Trial Court Cause No. <br> 49G16-1503-CM-8893 |

**Crone, Judge.**

## Case Summary

Darren Morgan violated a court order prohibiting him from having contact with his girlfriend and her children. He was charged with and convicted of class A misdemeanor invasion of privacy. On appeal, Morgan argues that there is insufficient evidence to prove that he knowingly or intentionally violated the no-contact order. We disagree and affirm his conviction.

## Facts and Procedural History

The facts most favorable to the conviction demonstrate that in September 2014, Roysha Cole and her three children moved into Morgan's home. On January 3, 2015, a Marion Superior Court judge issued a no-contact order prohibiting Morgan from having contact with Cole and her children as a condition of pretrial release. Consequently, Morgan moved out while Cole continued to live in the home and pay the mortgage and utilities. Morgan visited the home on January 3, 4, and 5, each time telling Cole not to call the police because of the protective order, which he signed on January 14. Tr. at 61-62. Late on the night of March 13, 2015, Morgan entered the home through the garage door, walked into Cole's bedroom, and told her not to call the police. Cole was afraid. *Id.* at 39-40. Morgan remained at the home on the morning of March 14.

At around 11:00 a.m., Nicole Hazel, a Children's Bureau community liaison, met with Cole outside the home. Hazel knew that Cole had been crying because her eyes were puffy, red, and full of tears. *Id.* at 72-73. Cole invited

Hazel inside the home, and while they were talking, Morgan walked from the bedroom, through the living room, and toward the garage. Hazel asked Cole if she had a protective order against Morgan. When Cole confirmed that she did, Hazel ended the meeting, went to her car, and called the police.

[4] Officer Robert Rider from the Indianapolis Metropolitan Police Department arrived at the home. Morgan hid in the bedroom closet and told Cole not to answer the door. Cole answered the door and told Officer Rider that Morgan was in the back bedroom. Officer Rider yelled for Morgan to come out of the bedroom four times, and he did not respond. *Id*. at 94. Officer Rider yelled for Morgan a fifth time, and Morgan came out of the bedroom closet where he was hiding. Morgan was arrested for violating his no-contact order.

[5] The State charged Morgan with class A misdemeanor invasion of privacy, alleging that he violated the no-contact order on or about March 14 by going to a place where Cole was known to be. In May 2015, a jury found Morgan guilty as charged.

## Discussion and Decision

[6] Morgan argues that there is insufficient evidence to support his conviction. "When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We consider only the evidence and reasonable inferences favorable to the verdict. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). "'[W]e affirm if there is substantial

evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Bailey*, 979 N.E.2d at 134 (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[7] To convict Morgan of class A misdemeanor invasion of privacy as charged, the State had to show that he knowingly or intentionally violated a no-contact order issued as a condition of pretrial release by going to a place where he knew Cole would be. Ind. Code § 35-46-1-15.1. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a).

[8] Morgan contends that he did not violate knowingly or intentionally the no-contact order because he was under the impression that Cole was going to move out of his house. Nevertheless, he knowingly violated the no-contact order because he was aware of the high probability that Cole would be in his home when he visited. On the night of March 13, Morgan visited his home, walked into the room where Cole was sleeping, and told her not to call the police. Instead of leaving, when he realized that he was in a place where he knew Cole to be, he stayed into the morning of March 14. Morgan also demonstrated his conscious objective to violate the no-contact order when he stayed overnight in the home with Cole and told her not to leave the residence,

call the police, or answer the door. The State presented sufficient evidence to prove that Morgan knowingly and intentionally violated his no-contact order.

[9] Morgan also argues that the no-contact order deprived him of his right to occupy and enjoy his home. We disagree. Morgan could have sought a modification of the order directly from the trial court, or called the police for assistance. These methods would have provided Morgan relief without violating the no-contact order. The State points out that neither the protective order nor the invasion of privacy statute provides an exception to a no-contact order when the protected person lives in the defendant's house. The foregoing evidence sufficiently supports Morgan's conviction of class A misdemeanor invasion of privacy. Consequently, we affirm.

[10] Affirmed.

Riley, J., and Pyle, J., concur.