## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 16 2020, 11:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary Witte
David A. Felts
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donte Curry,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 16, 2020

Court of Appeals Case No.
20A-CR-38

Appeal from the Allen Superior Court

The Honorable Wendy Davis, Judge

Trial Court Cause No.
02D04-1905-F6-638

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Donte Curry (Curry), appeals his conviction for resisting arrest, Level 6 felony, Ind. Code § 35-44.1-3-1.

We affirm.

# ISSUE

Curry raises one issues on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to convict Curry of his Level 6 felony resisting arrest.

# FACTS AND PROCEDURAL HISTORY

During the early morning hours of March 18, 2019, Fort Wayne Police Officer Alvin Davis (Officer Davis) was on patrol in his marked police car when he observed a green Ford vehicle with an "extremely dark window tint" that appeared to be greater than the 30 percent tint allowed by Indiana law. (Transcript Vol. II, p. 86). After performing a U-turn at a nearby intersection, Officer Davis began to follow the Ford vehicle, but he could not catch up since the vehicle sped off. According to Officer Davis, the Ford vehicle was traveling between 50 miles to 60 miles per hour in a 30 mile-per-hour residential zone. Additionally, the driver of the Ford vehicle failed to stop at a stop sign. Upon seeing that, Officer Davis activated his emergency lights to initiate a stop, but the driver of the Ford vehicle continued to drive for another half block. Officer Davis then activated his siren, but the driver of the Ford vehicle failed to stop. Approximately one minute and six seconds after Officer Davis first activated

his lights and siren, the driver of the Ford vehicle parked on the side of the road. Officer Davis radioed for assistance, initiated a "felony stop," and ordered the driver to turn off the ignition. (Tr. Vol. II, p. 88). The driver, who was later identified as Curry, initially refused to comply, and it was only after Officer Davis issued multiple loud verbal commands that Curry turned off his car ignition. Officer Davis then ordered Curry to exit the vehicle with his hands in the air; again, Curry failed to comply until several commands were given. After Curry was placed in handcuffs, Officer Davis gave Curry his *Miranda* warnings. Curry thereafter stated that he "didn't want to stop until he got to his girlfriend's house." (Tr. Vol. II, p. 91).

[5] On May 30, 2019, the State filed an Information, charging Curry with Level 6 felony resisting law enforcement. A jury trial was conducted on October 23, 2019, and Curry was found guilty as charged. On December 20, 2019, the trial court held a sentencing hearing and ordered Curry to serve two years in the Indiana Department of Correction.

[6] Curry now appeals. Additional information will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Sufficiency of the Evidence*

[7] When reviewing a claim of insufficient evidence, it is well-established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all the evidence, and any reasonable inferences that may be drawn therefrom, in a light most

favorable to the verdict. *Id*. We will uphold the conviction "'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[8] A person commits resisting law enforcement if the person "knowingly or intentionally: . . . flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop." I.C. § 35-44.1-3-1. The offense is a Level 6 felony if the person uses a vehicle to commit the offense. *Id*.

[9] Curry argues that the State failed to present sufficient evidence that he knowingly or intentionally fled from Officer Davis when Officer Davis initiated the traffic stop. He suggests that the one-minute-long chase in a 30 mile-per-hour zone was too short in duration to be considered an actual flight under the resisting law enforcement statute.

[10] The record shows that while patrolling in his marked police vehicle, Officer Davis observed Curry's vehicle with an extremely dark window tint which is not allowed by Indiana law. After performing a U-turn at a nearby intersection, Officer Davis began to follow Curry's vehicle. Curry sped off traveling between 50 miles to 60 miles per hour in a 30 mile-per-hour residential zone. Officer Davis accelerated to catch up with Curry. When Curry failed to stop at a stop

sign, Officer Davis activated the lights and sirens on his police car, but Curry continued to drive for several blocks and made at least one turn before finally coming to a complete stop. Officer Davis had to issue several verbal commands before Curry turned off his car ignition. At his jury trial, Curry testified that while he saw and heard Officer Davis's lights and siren, he wanted to get to a safe location before stopping. Contrary to his claim, Officer Davis testified that there were multiple safe locations to pull over. Moreover, after Curry was placed in handcuffs and Officer Davis issued Curry his *Miranda* warnings, Curry admittedly stated that he "didn't want to stop until he got to his girlfriend's house." (Tr. Vol. II, p. 91).

[11] Here, the evidence before the jury established that Curry intended not to stop when Officer Davis initiated the traffic stop. Thus, we hold that the State presented sufficient evidence to support Curry's Level 6 felony resisting law enforcement conviction.

## CONCLUSION

[12] Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Curry's Level 6 felony resisting law enforcement conviction.

[13] Affirmed.

Mathias, J. and Tavitas, J. concur