## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2020, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian K. Gates, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 16, 2020 <br><br> Court of Appeals Case No. 20A-CR-119 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jeffrey L. Sanford, Judge <br><br> Trial Court Cause No. 71D03-1909-CM-3143 |

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Brian Gates was convicted of battery as a Class B misdemeanor. On appeal, he argues the State presented insufficient evidence to support his conviction.

[2] We affirm.

## Facts & Procedural History

[3] Prior to August 2019, Gates had known Anthony Gidley and James Ragen for a number of years. Both men had lived with Gates on separate occasions and were also dating two of his cousins. In fact, when Gates moved into his stepfather's home a few months before the incident at issue, Ragen was also living there. A few weeks prior to August, a disagreement between Gates and his stepfather caused him to move out and relocate to LaPorte, Indiana.

[4] On August 9, 2019, Ragen, his girlfriend Tracy Himes (who is also Gates's cousin), Gidley, and Koa Ramos were dining at Arby's in South Bend, Indiana. As the group was beginning to leave, Gates arrived. Tracy "ran up, gave him a hug," and shortly afterwards Gates "started running his mouth." *Transcript Vol. 2* at 4. Gidley approached Gates, who swung, and struck him once on the left side of the face. Both men "started trading words" before Gates returned to his car and drove away. *Id.* Following Gates's departure, Ramos called 9-1-1. Shortly thereafter, Officer Zackary Overton responded to the scene and spoke with Ragen and Gidley. Officer Overton observed a small bump in the middle of Gidley's left cheek.

On September 10, 2019, the State charged Gates with battery as a Class B misdemeanor. A bench trial was held on December 19, 2019, at which Ragen and Officer Overton testified for the State. Ragen placed Gates at the scene as being the assailant who struck Gidley. Although adamant that he remembered the incident, Ragen admitted during cross-examination that he did not know whether Gates is right or left-handed. Gates testified on his own behalf and put forth one central claim that he is left-handed. Gates elaborated that because of a physical disability, he has limited use of his right arm and has "basically no grip in it." *Id.* at 16. In closing arguments, the State contested Gates's claim. The State pointed out how Gates manipulated his hands and arms, specifically using his right arm to support himself in court. The State concluded that this was a case that would come down to competing witness credibility.

Ultimately, the trial court found Gates guilty as charged and sentenced him to 30 days incarceration, all suspended, with 180 days of probation. Gates now appeals, challenging the sufficiency of the evidence.

## Decision & Discussion

In reviewing a challenge to the sufficiency of the evidence, this court will not reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence which supports the conviction, along with the reasonable inferences to be drawn therefrom. *Id.* We will affirm if "there is substantial evidence of probative value supporting each element of the crime from which a reasonable

trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004).

[8]    The heart of Gates's argument on appeal is that the State failed to produce evidence consisting of "substantial proof of credible facts to convict him beyond a reasonable doubt". *Appellant's Brief* at 7-8. Gates challenges Ragen's credibility as the State's sole eyewitness, noting that Ragen had no independent recollection of the date or time of the incident at issue. Furthermore, Ragen could not say whether Gates is left or right-handed. Gates testified that he is left-handed and has limited use of his right arm. An injury to the left side of Gidley's face would likely have required Gates to strike using his right hand. Gates's explanation that he "has basically no grip" in his right arm is meant to imply that he could not have caused Gidley's injury. *Transcript Vol. 2* at 16.

[9]    Gates asks us to reweigh the evidence and evaluate witness credibility, which we will not do. The extent of Gates's claimed disability was questioned at trial. The determination of whether or not Gates could use his right hand was directly observed and decided by the trial court. Furthermore, Ragen's testimony supports the judgment. Although he was unsure about some details, Ragan's testimony of the incident was unequivocal. Ragen placed Gates at the scene and stated that he saw Gates, whom he knew well, strike Gidley once in the face. Officer Overton's own observations revealed that Gidley had a small injury to his left cheek.

The state aptly concluded that this is a case that would be determined by competing witness credibility. However, it is not for this court to evaluate witness credibility. It is the duty of the fact finder "to determine not only whom to believe, but also what portions of conflicting testimony to believe." *Perry v. State*, 78 N.E.3d 1, 8 (Ind. App. 2017) (quoting *Wood v. State*, 999 N.E.2d 1054, 1064 (Ind. Ct. App. 2013), *trans. denied* (2014), *cert. denied*).

Judgment affirmed.

Bailey, J. and Crone, J., concur.