

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Ft. Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher A. Lothamer,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana<br>*Appellee-Plaintiff* | September 30, 2015<br><br>Court of Appeals Case No.<br>92A05-1501-CR-26<br><br>Appeal from the Whitley Circuit Court<br><br>The Honorable James R. Heuer<br><br>Trial Court Cause No.<br>92C01-1401-FB-18 |

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Christopher Lothamer was convicted of Dealing in Methamphetamine by Manufacturing,[1] a class B felony, along with numerous other drug offenses. On appeal, Lothamer presents one issue for our review: Whether the evidence is sufficient to sustain his conviction for dealing in methamphetamine by manufacturing.

[2] We affirm.

[3] Lothamer lived in a trailer located on Lot 51 in the Miami Village Mobile Home Park with his fiancée, Tina Farber. Farber was in the process of purchasing the trailer from her grandfather. Lothamer began living in the trailer with Farber in August 2012 and lived there continuously until January 2014. In August 2013, Lothamer introduced Farber to methamphetamine, and they began using the drug together. By December 2013, Lothamer and Farber were using methamphetamine almost daily.

[4] Initially, Lothamer would purchase methamphetamine from Willie Jensen or exchange pseudoephedrine for it. On three occasions, Lothamer and Farber agreed to allow Jensen to manufacture methamphetamine in the bathroom of their trailer. Lothamer also installed hooks so blankets could be hung to keep the odors contained to the bathroom while Jensen cooked the

---

[1] *See* Ind. Code § 35-48-4-1.1. Effective July 1, 2014, this offense was reclassified as a Level 5 felony. Because Lothamer committed this offense prior to that date, it retains its prior classification as a class B felony.

methamphetamine. After the first occasion in December 2013, Lothamer, Farber, and Jensen smoked the finished product. Following the second occasion, also in December 2013, Lothamer used a needle to inject some of the methamphetamine Jensen had just made.

[5] The third occasion was on January 28, 2014, when Lothamer and Farber again permitted Jensen to use their bathroom to make methamphetamine. Lothamer and Jensen went to the store to pick up some items needed to cook the methamphetamine. When they returned, Jensen went into the bathroom to make methamphetamine. On this occasion, Lothamer was present in the bathroom with Jensen.

[6] On January 29, 2014, Detective William Brice of the Whitley County Sheriff's Department served a search warrant for the trailer located on Lot 51. Lothamer and Farber were not present at the time. During the search of the trailer, Detective Brice discovered numerous items used for manufacturing methamphetamine in the bedroom, kitchen, and living area. Three plastic bottles that were used as one-pot methamphetamine labs were discovered in the freezer. Additional facts will be provided as necessary.

[7] On January 31, 2014, Lothamer was charged with Count I, dealing in methamphetamine by manufacturing, a class B felony; Count II, possession of methamphetamine, a class D felony; Count III, maintaining a common nuisance, a class D felony; Count IV, possession of chemical reagents or precursors with intent to manufacture a controlled substance, a class D felony;

Count V, possession of paraphernalia, a class A misdemeanor; and Count VI, possession of precursors within seven years of a prior conviction for dealing in methamphetamine, a class D felony. A jury trial was held on October 28 and 29, 2014, at the conclusion of which the jury found Lothamer guilty of Counts I, II, IV, and V, and not guilty of Count III. Thereafter, Lothamer pleaded guilty to Count VI.[2] The trial court held a sentencing hearing on December 15, 2014, and sentenced Lothamer to an aggregate sentence of ten years.

[8] On appeal, Lothamer argues that there is insufficient evidence to sustain his conviction for dealing in methamphetamine by manufacturing. The State's theory was that Lothamer assisted Jensen in the manufacture of methamphetamine, and the jury was instructed accordingly.

[9] Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a

---

[2] Count VI was not tried during Phase 1 of the jury trial because of the enhancement aspect of the offense.

reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004).

*Bailey v. State,* 979 N.E.2d 133, 135 (Ind. 2012).

[10] To sustain a conviction for dealing in methamphetamine, the State's evidence must prove that Lothamer "knowingly or intentionally . . .manufacture[d] methamphetamine, pure or adulterated." I.C. § 35-48-4-1.1(a)(1)(A). To convict Lothamer as an accomplice, the State was required to prove that he knowingly or intentionally aided, induced, or caused Jensen to manufacture methamphetamine. *See* Ind. Code § 35-41-2-4.

> It is well established that a person who aids another in committing a crime is just as guilty as the actual perpetrator. To be convicted as an accomplice, it is not necessary for a defendant to have participated in every element of the crime. While mere presence at the scene of the crime is insufficient to establish accomplice liability, presence may be considered along with the defendant's relation to the one engaged in the crime and the defendant's actions before, during, and after the commission of the crime.

*Green v. State*, 937 N.E.2d 923, 927 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*.

[11] We have held that a person can be guilty of dealing in methamphetamine by manufacturing even though the person does not actually "cook" the product. In *Fowler v. State*, 900 N.E.2d 770 (Ind. Ct. App. 2009), the defendant essentially conceded that another person manufactured methamphetamine in

his home. The defendant, however, claimed that his assistance was "inadvertent and unintentional" as he only carried a bag into his home without knowing its contents and only later realized the nature of what was in the bag. At that point, the defendant instructed his friend to "do what he had to do, and then leave." *Id*. at 775. This court upheld the defendant's conviction for assisting with the manufacture of methamphetamine given that the manufacturing occurred at defendant's home and with his knowledge, even though the defendant was not present in the room when the manufacturing occurred, drug paraphernalia was found in virtually every room in the house, the defendant carried at least some of the items into the house, odors and vapors were readily detectable in the house, and methamphetamine residue was found on a plate in the kitchen. *Id*.

[12] Here, Lothamer and Farber permitted Jensen to use their home to manufacture methamphetamine. Lothamer was present in the home on each occasion and even admitted supervising Jensen on one occasion. Lothamer never expressed any opposition to having the drug produced at his home. In fact, Lothamer provided pseudoephedrine to Jensen to use in the manufacture of methamphetamine and went to the store to purchase items to be used in the manufacturing process. Lothamer also installed hooks so blankets could be hung to keep the odors contained to the bathroom while Jensen cooked the methamphetamine. Lothamer was therefore not merely present at the scene, but acted in concert with Jensen to manufacture methamphetamine.

Further, as in *Fowler*, methamphetamine precursors and paraphernalia were found in numerous rooms in Lothamer's and Farber's home. Additionally, three one-pot methamphetamine labs were found in the freezer and methamphetamine residue was found on a coffee filter located in the home.

While Lothamer did not own the trailer, he began living with Farber, his fiancée, in August 2012, and lived there continuously until January 2014. Lothamer used the address of the trailer on his driver's license. Farber testified that she and Lothamer made joint decisions, including the decision to allow Jensen to manufacture methamphetamine in their home. The totality of the evidence supports a reasonable inference that Lothamer knowingly and intentionally aided Jensen in the manufacture of methamphetamine. We therefore affirm Lothamer's conviction for dealing in methamphetamine by manufacturing.

Judgment affirmed.

Riley, J., and Brown, J., concur.