## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2017, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daron Gary,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 12, 2017

Court of Appeals Case No.
49A04-1708-CR-1739

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

The Honorable Stanley Kroh, Magistrate

Trial Court Cause No.
49G03-1702-F3-7686

**Altice, Judge.**

## Case Summary

Daron Gary appeals following his convictions for Level 3 felony aggravated battery and Level 6 felony strangulation. On appeal, Gary argues that the State presented insufficient evidence to support his aggravated battery conviction.

We affirm.

## Facts & Procedural History

In early 2017, Larhonda Myers worked at an Indianapolis fast food restaurant with Brian Tuggle, Gary, and Gary's sister, Shontrell Gary (Shontrell). Myers was not scheduled to work on February 22, 2017, but she received a call late in the evening asking her to come in to help clean and close the restaurant. Arrangements were made for Gary to pick Myers up and drive her to work, and Myers also planned to give Gary some money she had previously agreed to lend him when he arrived. When Gary arrived at Myers's house, Tuggle and Shontrell were in the car. Before taking Myers to work, Gary drove to Shontrell's house. During the drive, Myers and Shontrell got into an argument, and when they arrived at Shontrell's house, everyone except Myers got out of the car. Myers was sitting in the front passenger seat when Gary returned to the vehicle, opened the rear passenger side door, and appeared to be looking for something. When Myers turned to ask if Gary needed help, he pulled her into the back seat and started hitting her. Gary asked about the money she was going to lend him, and Myers felt the car start to move. Myers also heard Gary mumbling to Tuggle, who was driving.

[4]     When the car came to a stop, Gary started choking Myers and she blacked out for a few seconds. When she regained consciousness, Gary was pushing her out of the car. Myers tried to run, and Gary yelled for Tuggle to "[g]et that bitch[.]" *Transcript Vol. 2* at 59. Tuggle then ran up to Myers and stabbed her repeatedly in the neck and chest and slashed her throat. Tuggle and Gary then left, and Myers was able to limp to some nearby houses for help. One of the residents called 911, and Myers was transported to the hospital. Myers was found to have suffered fourteen stab wounds, a lacerated liver, and a partially collapsed lung, and her left eye was swollen shut.

[5]     As a result of these events, the State charged Gary with Level 2 felony attempted robbery, Level 3 felony aggravated battery, and Level 6 felony strangulation. A jury trial was held on June 22, 2017, at the conclusion of which Gary was acquitted of attempted robbery, but found guilty of aggravated battery and strangulation. Gary received an aggregate sentence of fourteen years executed. Gary now appeals.

## Discussion & Decision

[6]     Gary argues that the State presented insufficient evidence to support his aggravated battery conviction. The standard of review for sufficiency claims is well settled; this court will neither reweigh the evidence nor judge the credibility of witnesses. *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). Rather, we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

The uncorroborated testimony of a single witness is sufficient to support a conviction, even where the witness in question is the victim. *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991).

[7] The State maintains that the evidence was sufficient to support the challenged conviction under a theory of accomplice liablity, on which the jury was instructed. In order to convict Gary of aggravated battery as an accomplice, the State was required to prove that Gary knowingly or intentionally aided, induced, or caused another person—namely, Tuggle—to commit aggravated battery. *See* Ind. Code § 35-41-2-4. Gary does not dispute that Tuggle committed aggravated battery by stabbing Myers repeatedly and slashing her throat. *See* Ind. Code § 35-42-2-1.5 (providing that "[a] person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death" commits aggravated battery). Rather, Gary argues that the State presented insufficient evidence to show that he aided, induced, or caused Tuggle to commit the crime.

[8] A person who aids another in committing a crime is just a guilty as the actual perpetrator. *Lothamer v. State*, 44 N.E.3d 819, 822 (Ind. Ct. App. 2015), *trans. denied*. The State need not establish that the accomplice personally participated in each element of the offense. *Id.* "Moreover, the accomplice is 'criminally responsible for everything which follows incidentally in the execution of the common design, as one of its natural and probable consequences, even though it was not intended as part of the original design or common plan.'" *Anthony v. State*, 56 N.E.3d 705, 714 (Ind. Ct. App. 2016) (quoting *Griffin v. State*, 16

N.E.3d 997, 1003 (Ind. Ct. App. 2014)), *trans. denied*. "There is no bright line rule in determining accomplice liability; the particular facts and circumstances of each case determine whether a person was an accomplice." *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012) (quoting *Vitek v. State*, 750 N.E.2d 346, 353 (Ind. 2001)). Although mere presence at the scene of a crime is insufficient to establish accomplice liability, presence may be considered along with the defendant's relation to the one engaged in the crime and the defendant's actions before, during, and after the commission of the crime. *Lothamer*, 44 N.E.3d at 822.

[9] The State presented ample evidence to support Gary's aggravated battery conviction under a theory of accomplice liability. Gary initiated the attack against Myers by pulling her into the backseat of the car and beating her before choking her into unconsciousness. Gary then pushed Myers out of the car and told Tuggle to "[g]et that bitch[.]" *Transcript Vol. 2* at 59. After Tuggle stabbed Myers repeatedly, Gary left the scene without attempting to get help for Myers. Whether Gary intended for Tuggle to stab Myers is not the relevant question; rather, the issue is whether the stabbing was a natural and probable consequence of the brutal attack Gary initiated. We have no difficulty concluding that it was. Gary's aggravated battery conviction was supported by the evidence.

[10] Judgment affirmed.

[11] May, J. and Vaidik, C.J., concur.